IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONTES-SANTIAGO, et al
   Plaintiffs

v.

STATE INSURANCE FUND CORP, et al.

   Defendants

CIVIL NO. 07-1717 (SEC)

**OPINION AND ORDER**

Pending before the Court is the State Insurance Fund Corp.'s ("SIF") motion to dismiss for lack of indispensable party. Docket # 20. After carefully examining the parties' arguments and the applicable law, SIF'S motion to dismiss is **DENIED**.

**Factual Background**

On August 10, 2007, Plaintiffs Juan Montes Santiago (hereinafter "Montes"), Juan Montes, Sonia Santiago[1] and their conjugal partnership (collectively "Plaintiffs") filed the instant case against SIF, and other defendants, under diversity jurisdiction, alleging that Montes has suffered a total loss of function in his left hand and arm due to Defendants' negligent acts and omissions. Plaintiffs further allege that Montes is totally and permanently disabled as a result of said injuries, and, as a result, cannot continue to work in his profession as a welder. As such, Plaintiffs request this Court to award them $6,000,000 in damages, which includes the costs of present and future medical and psychological treatment, loss of income, mental pain and emotional suffering for himself as well as for his parents, interest, and attorney's fees.

According to the complaint, the facts are as follows:

---

[1] Montes' parents and residents of Idaho.

**CIVIL NO. 07-1717 (SEC)**                                                                 Page 2

On July 12, 2004, Montes suffered a work related accident while working at Puerto Rico Energy and Power Authority's (PREPA) plant in Palo Seco, Cataño. Montes suffered an avulsion or degloving injury, to the middle finger of his left hand (his dominant hand.) Montes was initially taken to the Hospital Industrial's emergency room. Several hours later, Dr. Paul Tomljanovich, a hand surgeon, did his initial evaluation, stitched the wound in Montes' finger and ordered that he be hospitalized for further treatment, including surgery. Montes remained hospitalized from July 12 to July 17, 2004. He received hyperbatic treatment from July 14 to July 16, 2004. On July 17, 2004, Montes was discharged, and Dr. Tomljanovich instructed him to obtain certain documentation required by the SIF in order to proceed with the surgery.

On July 24, 2004, Montes returned to the Hospital Industrial's emergency room, suffering from extreme pain in his middle finger, which had become necrotic. On said date, he was hospitalized once again. The following day, Montes was diagnosed with gangrene in his left hand. Dr. Tomljanovich ordered his discharge and scheduled his surgery for the next day at 7:00 a.m. at the Ashford Presbyterian Hospital. The next day, Montes went to the Ashford Hospital, and was admitted and prepared for the surgery. However, Dr. Tomljanovich cancelled the surgery, and Montes was discharged. Since he was still in pain, Montes insisted that Dr. Tomljanovich order his readmission to the Hospital Industrial for further treatment, which Dr. Tomljanovich agreed to. His surgery was re-scheduled for July 30, 2004, but was cancelled because there were no operating rooms available on said date. Finally, on August 2, 2004, Montes had surgery on his hand, during which Dr. Tomljanovich amputated his left hand's middle finger. Montes was discharged from the hospital later that same day. On August 3, 2004, Montes went to San Pablo Hospital's emergency room suffering from extreme pain. On September 8, 2004, Montes attended a follow-up visit with Dr. Tomljanovich. At that date, Montes had a severe infection, with drainage in the back of his hand. Montes was treated again at the Hospital Industrial in January 2005 for a low grade infection and chronic problems.

**CIVIL NO. 07-1717 (SEC)**                                                                 Page 3

In 2005, Montes moved to Idaho to live with his parents. On August 22, 2005, he had surgery on his left hand once again. The doctors in Idaho informed Montes that the osteomyelitis and atrophy of his hand and left upper extremity was caused by the faulty diagnosis and treatment of his injury. Upon receiving said information, on March 3, 2006, Plaintiffs filed a malpractice suit at the Puerto Rico state court but later voluntarily dismissed said suit. On August 10, 2007, they filed the instant complaint.

On March 12, 2008, the SIF filed a motion to dismiss Plaintiffs' complaint. The SIF moves for the dismissal of this case due to Plaintiffs' alleged failure to include an indispensable party, that is, Montes' wife, Miriam Cruz ("Cruz") and their conjugal partnership. The SIF further argues that if this Court concludes that joinder is warranted, the instant case should be dismissed for lack of subject-matter jurisdiction, since Cruz is a Puerto Rico resident, and her joinder would defeat diversity jurisdiction.

Plaintiffs oppose, arguing that the instant suit only seeks the loss of income suffered after the dissolution of the marriage, and future medical expenses, as well as Montes' and his parents' personal pain and suffering. Plaintiffs further aver that a suit was filed by Montes, Cruz and their conjugal partnership in state court, seeking the damages and loss of income suffered before the divorce. They contend that since Montes and Cruz were separated when the instant suit was filed, and were divorced on September 6, 2007, Cruz and their conjugal partnership are not indispensable parties to the present case. Moreover, according to Plaintiffs, Cruz and Montes' conjugal partnership no longer exists and, thus, its joinder is impossible.

**Standard of Review**

*FED. R. CIV. P. 12(b)(7)*

A party alleging that dismissal is proper due to the absence of an indispensable party must meet the requirements of FED. R. CIV. P. 12(b)(7). To meet this burden, "the moving party may present, and the court may consider, evidence outside of the pleadings." Raytheon Co. v. Contl. Cas., 123 F. Supp.

**CIVIL NO. 07-1717 (SEC)**                                                                                              **Page 4**

2d 22, 32 (D. Mass. 2000). Insofar as Rule 12(b)(7) provides that a party may move to dismiss the case for "failure to join a party under Rule 19...[d]ismissal under Rule 12(b)(7) is governed by Rule 19...." Id. The Court may dismiss an action when there is an absent party without whom complete relief will not be possible or whose interest in the controversy is such that to proceed without the party might prejudice it, or the parties already present. Rivera-Rojas v. Loewen Group Int'l, Inc., 178 F.R.D. 356, 361 (D.P.R. 1998) (internal citations omitted).

      A two step analysis is required before dismissing a case pursuant to Rule 12(b)(7). See U.S.A. v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001). First, the Court needs to determine "whether a person fits the definition of those who should 'be joined if feasible' under Rule 19(a)." Western Auto Supply Co. v. Noblex Adver., Inc., 173 F.R.D. 338, 340 (D.P.R. 1997). Once the Court determines that the person in question is a "necessary person" according to Rule 19(a), it must ascertain whether the joinder of said party is feasible. Id.; B. Fernandez & Hnos v. Kellogg USA, 516 F.3d 18, 23 (1st Cir. 2008). If it is not "feasible" to join, the Court must decide whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed pursuant to Rule 19(b)." Id. (quoting Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989)). "When applying Rule 19(b), the court will ask whether it is so important, in terms of efficiency or fairness, to join this person, that, in the person's absence, the suit should not go forward at all." Alexandrino v. Jardin de Oro, 573 F. Supp. 2d 465, (D.P.R. 2008) (quoting Pujol, 877 F.2d at 134).

      If the threshold requirements of Rule 19(a) are not met, then a Rule 19(b) inquiry is unnecessary. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990). The movant bears the burden of proof as to both parts of the analysis. Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp., 92 F. Supp.2d 8, 14 (D.P.R. 2000); 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1609 at 129. A "dismissal for failure to join an indispensable party should only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the

**CIVIL NO. 07-1717 (SEC)**                                                                 Page 5

absentee and that the protection of that interest will be impaired by the absence." Foster Wheeler Corp., 92 F. Supp. at 14.

**Applicable Law and Analysis**

In this case, this Court must determine whether Cruz, Montes' ex-wife,[2] a Puerto Rico resident, and their conjugal partnership, are indispensable parties to the instant suit. The issue of whether a conjugal partnership is an indispensable party is governed by FED. R. CIV. P. 19. Allende v. Ashford Presbyterian, 325 F. Supp. 2d 2, 4 (D.P.R. 2004). This Court will first address the Puerto Rico law which governs conjugal partnerships.

*Puerto Rico's Conjugal Partnership*

Under Puerto Rico law, upon marriage, a conjugal partnership is created. Article 1296, P.R. Civ. Code, 31 P.R. Laws Ann. § 3622. Although the conjugal partnership is a separate entity, and has the capacity to sue as well as be sued, it cannot represent itself. Fraguada v. Plaza Las Americas, 349 F. Supp. 2d 229, 231 (D.P.R. 2004); see also Cosme v. 419 Ponce de Leon, No. 94-2188, 1996 U.S. Dist. LEXIS 10266 at *9 (D.P.R. 1996). Instead, either of the spouses can legally represent the conjugal partnership. Under Article 93 of the Civil Code, P.R. Laws Ann. tit. 31, § 286, any unilateral act of administration by either of the spouses regarding community property binds the conjugal partnership. See Paredes Figueroa v. International Air Services, Inc., 662 F. Supp. 1202, 1204 (D.P.R. 1987). The First Circuit has held that "[r]ecovery by one spouse on a claim concerning community property binds the conjugal partnership and the recovery automatically becomes community property." Pujol, 829 F.2d at 1208.

As to the properties belonging to the conjugal partnership, Article 1301 provides that the wages and salaries received by either spouse during the marriage are deemed property of the conjugal

---

[2] Montes and Cruz were married, albeit separated, at the time of the filing of the instant suit. However, they were divorced on September 6, 2007. See Docket # 34-2.

**CIVIL NO. 07-1717 (SEC)**  Page 6

partnership. Allende, 325 F. Supp. 2d at 4-5. As a result, any claim for damages such as loss of income, which substitute salary derived from work, belong to the conjugal partnership. Id. at 5 (citing Ortiz Diaz v. R & R Motor Sales, 131 P.R. Dec. 829 (1992)). Claims to recover the expenses incurred by the spouses also belong to the conjugal partnership, inasmuch as they constitute the means to support the marriage and the family. Id. Therefore, "any damage pertaining to lost wages or medical expenses would pertain to the conjugal partnership composed by [the spouses], making the conjugal partnership the real party in interest in those claims." Id. However, under Puerto Rico law, "money damages awarded to a spouse as indemnization for torts committed upon their person are individual, not community, property." Fraguada v. Plaza Las Americas, 349 F. Supp. 2d 229, 233 (D.P.R. 2004). As such, claims for personal pain and suffering belong to the spouse alone.

In interpreting Article 1301, this district has held that "any award belonging to the partnership or whatever joint benefits are gained through the suit, will automatically become community property regardless of whether the conjugal partnership and both spouses were *vel non* named parties to the action." Cosme, 1996 U.S. Dist. LEXIS 10266 at *9. Nevertheless, "significant differences prevail when the partnership is using the sword as a plaintiff *vis a vis* when using the shield as a defendant. When the conjugal partnership is a party defendant it might be detrimentally affected by a judgment. Since the interests of each spouse may be incompatible, each must be afforded the opportunity to defend them individually." Allende, 325 F. Supp. 2d at 5.

In Paredes Figueroa, 662 F. Supp. at 1204, this District held that "[u]nder Puerto Rico law there is no need to include a conjugal partnership as a party plaintiff, as opposed to a party defendant, since whatever joint benefits are gained through the suit would automatically accrue to the partnership." In Allende, the court reiterated that "the omission of a conjugal partnership, as a named plaintiff, and the inclusion of only one spouse, namely the creditor spouse, representing the partnership's interests, is of no legal significance." Allende, 325 F. Supp. 2d at 5.

**CIVIL NO. 07-1717 (SEC)**                                                                                      **Page 7**

*Indispensable Parties*

This Court must now examine the requisites set forth by Rule 19(a). Said rule provides that an absent person should be joined in a pending action when: (1) complete relief cannot be afforded to those who are already parties, (2) or the person claims to have an interest in the action and his absence would (i) hinder his ability protect that interest or (ii) leave a person who is already a party "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." The above mentioned factors constitute the standard used to determine whether a person is "necessary" in a pending action. See Rivera-Rojas, 178 F.R.D. at 361 (stating that considerations of fairness and equity should be considered in determining whether a person is a necessary party under Rule 19(a)); Pujol, 877 F.2d at 136. This formula depends on the facts and circumstances of the case at hand. Wright, Miller & Kane, § 1604 at 38-39. If a court concludes that a party is not a necessary one under Rule 19(a), it cannot be considered an indispensable under 19(b), and the analysis would stop there. Rivera-Rojas, 178 F.R.D. at 361 (citing Delgado v. Plaza Las Américas, 139 F.3d 1, 3 n.2 (1st Cir. 1998)). See e.g., Hapag-Lloyd Container Linie, GMBH v. Luis A. Ayala Colón Sucrs., Inc., 209 F.R.D. 285, 287 (D.P.R. 2002). As such, this Court will first apply the Rule 19(a) standard to the facts of the instant case.

In the complaint, Montes seeks indemnization for his physical damages, his future medical (physical and psychological) expenses and future loss of income[3]. As previously stated, claims for pain and suffering do not belong to the conjugal partnership but to the spouse alone. Fraguada, 349 F. Supp. 2d at 233. As such, Cruz and the conjugal partnership's joinder is unnecessary in order for this Court to rule upon said claims.

---

[3] Montes' parents request indemnization for their pain and suffering, as well as the expenses (medical expenses, daily sustenance, traveling expenses, housing and other related expenses) incurred for their son's care.

**CIVIL NO. 07-1717 (SEC)**                                                                                                                    Page 8

---

Therefore, the only claims that could belong to Montes and Cruz's conjugal partnership are those pertaining to loss of income, and the expenses incurred by the conjugal partnership, prior to the dissolution of their marriage. However, as previously stated, in the instant suit, Montes' request for relief is limited to future expenses and future loss of income. As such, there are no claims pertaining to Cruz and their conjugal partnership. As "[i]t is the allegations of the complaint that determine the nature of the causes of action claimed and consequently, to whom they belong and who is claiming them," this Court concludes that Cruz and their extinct conjugal partnership are neither necessary nor indispensable parties. See Allende, 325 F. Supp. 2d at 5. Moreover, considering that Montes and Cruz were divorced on September 6, 2007, that is, less than one month after the filing of the instant suit, the conjugal partnership's joinder unnecessary as well as unfeasible. Also, Montes, Cruz and their conjugal partnership filed a suit in state court seeking redress for the economic losses suffered as a result of Montes' accident. As such, different remedies are sought in each suit.

Notwithstanding, even if Montes and Cruz were still married, and the complaint stated claims pertaining to their conjugal partnership, joinder would not be necessary. As previously stated, there is no need to include a conjugal partnership as a party plaintiff because whatever joint benefits are gained through the suit will automatically accrue to the partnership. Paredes Figueroa, 662 F. Supp. at 1204; Allende, 325 F. Supp. 2d at 5.

Based on the foregoing, this Court concludes that complete relief can be granted to the existing parties, and the conjugal partnership's absence does not expose Defendants to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." As such, Cruz and the conjugal partnership are not necessary parties under Rule 19(a), therefore, a Rule 19(b) inquiry is unnecessary.

For the reasons stated above, Defendants' motion to dismiss for failure to include an indispensable party is hereby **DENIED**.

**CIVIL NO. 07-1717 (SEC)**                                                                 **Page 9**

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of March, 2009.

                                      S/SALVADOR E. CASELLAS
                                      SALVADOR E. CASELLAS
                                      United States District Judge