IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MONTES-SANTIAGO, et al

Plaintiffs

v.

STATE INSURANCE FUND CORP, et al.

Defendants

CIVIL NO. 07-1717 (SEC)

**OPINION and ORDER**

Pending before this Court is Plaintiffs motion requesting leave to file a second amended complaint (Docket # 108), and Instituto de Manos' ("IdM") opposition thereto (Docket # 122). After reviewing the filings, and the applicable law, Plaintiffs' motion is **GRANTED in part and DENIED in part.**

**Factual and Procedural Background**

In their motion, Plaintiffs move to amend the complaint to add IdM's directors and officers as co-defendants, and to include additional allegations against IdM. Specifically, Plaintiffs contend that IdM failed to provide Montes Santiago with adequate care or a substitute physician during Dr. Tomljanovich's absence. They also set forth a breach of contract claim, arguing that IdM and IdM's directors and officers failed to obtain a public liability and medical malpractice insurance policy, as agreed upon in the "Specialized Medical Services Contract" with the State Insurance Fund ("SIF"), to cover claims such as the ones raised here. Plaintiffs aver that said breach of contract deprives them of an additional source of compensation.

**Standard of Review**

Rule 15(a) provides that a party may amend its pleading with "the court's leave," and that "[t]he court should  freely give leave when justice so requires." FED. R. CIV. P. 15(a); see ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008); Epstein v. C.R. Bard, Inc., 460

**CIVIL NO. 07-1717 (SEC)**                                                                 Page 2

---

F.3d 183, 190 (1st Cir. 2006). Courts have been liberal in allowing amendments to a complaint. O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004). Notwithstanding, amendments have been denied when the Plaintiff incurs in undue delay, bad faith or dilatory motive, when the amendment would serve no legitimate purpose or would cause undue prejudice to the opposing party. ACA Fin. Guar. Corp., 512 F.3d at 55 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Epstein, 460 F.3d at 191.

**Applicable Law and Analysis**

IdM does not oppose Plaintiffs' request to amend the complaint to add claims regarding their alleged failure to provide adequate care during Dr. Tomljanovich's absence. As such, Plaintiffs' request on this front is **GRANTED**.

However, IdM objects to including its directors and officers as co-defendants, arguing that Article 4.07 of the General Corporation Law, P.R. Laws Ann. tit. 14, § 2727, is inapplicable to the case at bar. On this front, they contend that Plaintiffs' alleged damages are not based on their misplaced reliance on a false statement or report issued by IdM. Moreover, IdM argues that their contract with SIF contains no stipulations conferring benefits to non-parties, and insofar as Plaintiffs are not parties to said contract, they cannot assert contractual claims.

*Breach of contract claims*

As IdM correctly points out, SIF and IdM's contract has no stipulation in Plaintiffs' favor, therefore, they are a third-party which lack standing to request damages pursuant to an *ex contractu* action. In Muñiz Olivari v. Stiefel Laboratories, Inc., 2008 TSPR 152 (see translation at Docket # 122-2), the Supreme Court of Puerto Rico addressed an inter-jurisdictional certification on whether a third party's damages claims, arising out of a contractual breach, are properly addressed in a suit for breach of contract. The Court held that *ex-contractu* actions can only be enforced by the contracting parties. The Court also found that

a person in whose favor a stipulation is included in a contract is not a third party, thus the person would have standing to demand compliance with the contract's stipulations. On the contrary, a third party foreign to a contractual relationship does not have standing under Article 1054 of the Civil Code, P.R. Laws Ann. tit. 31, § 3018, to move for damages suffered as a result of a contractual breach. The Court noted, however, that nothing prevents the third party to claim the indemnity for his own damages suffered as a result of the breach under Article 1802 of the Civil Code, P.R. Laws Ann. tit. 31, § 5141. In so doing, the Court noted that persons, such as heirs, have standing to file *ex-contractu* actions for the damages suffered by the decedent as a result of a contractual breach, whereas claims for their own damages must be addressed under Article 1802 since they are third parties to the contract. However, the Court did not discuss this issue in detail, specifically as to the standard to be applied to the third-party's damages claims, and the limitations, if any, in this kind of claim.

Accordingly, Muñiz seemingly suggests that Plaintiffs may set forth tort claims against IdM for the damages suffered under Article 1802. However, a plaintiff suing for personal injuries on a negligence theory "under Article 1802[1] must establish (1) a duty requiring the defendant to conform to a certain standard of conduct,[2] (2) a breach of that duty, (3) proof of real and actual damage, and (4) a causal connection between the damage and the tortious conduct." Albertorio-Santiago v. Reliable Financial Services, 612 F.Supp.2d 159, 168-169

---

[1] Article 1802 of the Civil Code of Puerto Rico imposes liability on any person or entity who by an act or omission causes damage to another through fault or negligence. See P.R. Laws Ann. tit. 31, § 5141; see also De-Jesus-Adorno v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir.1998) (citing Valle v. American Int'l Ins. Co., 8 P.R. Offic. Trans. 735, 738, 108 P.R. Dec. 692 (1979))

[2] Under Puerto Rico law, a legal duty arises in one of three ways: (1) by a statute, regulation, ordinance, bylaw, or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. De-Jesus-Adorno, 160 F.3d at 842.

**CIVIL NO. 07-1717 (SEC)** Page 4

(D.P.R. 2009) (citing De-Jesus-Adorno v. Browning Ferris Industries of Puerto Rico, Inc., 160 F.3d 839, 842 (1st Cir.1998). A showing of all these requisites "is required in order to be entitled to an award under Art[icle] 1802." Zayas v. Puerto Rico, 378 F. Supp. 2d 13, 24 (D.P.R. 2005). Under Article 1802, "[n]egligence has been defined by the Commonwealth courts as the failure to exercise due diligence to avoid foreseeable risks." De-Jesus-Adorno, 160 F.3d at 842 (quoting Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir.1991)).

Additionally, Plaintiffs must "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). As a result, the First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008).

That is, Plaintiffs must properly alleged, and later show, that IdM had a legal duty pursuant to the contract, that they breached that duty, that Plaintiffs suffered actual damages, and that the damages are a direct result of the alleged breach of contract.[3] Moreover, Plaintiffs shall also demonstrate that the alleged damages were foreseeable.

---

[3] Upon reviewing SIF and IdM's services contract, this Court notes that pursuant to the First Clause, sub-section (J), IdM shall provide SIF copies of the physicians' professional liability insurance policies, whereas the Third Clause, sub-section (J) requires that IdM provide copies of its Public Liability and Malpractice policies at the time the contract is executed. See Docket # 106-2, pp. 8 & 13. Thus only the latter clause refers to IdM, not its physicians.

**CIVIL NO. 07-1717 (SEC)**                                                            Page 5

As a result of the foregoing, this Court **GRANTS** Plaintiffs' request to amend the complaint on this front. However, this Court notes that Muñiz's scope is still undetermined, and Plaintiffs' claims on this front must de adequately pled in order to survive dismissal at a later time. Specifically, this Court ponders whether Plaintiffs have suffered actual damages as a result of the alleged breach of contract, and whether Muñiz entitles them to damages if IdM did in fact breach the contract.

Notwithstanding, tort claims of this nature cannot be asserted against IdM's directors and officers since SIF and IdM are the only parties to said contract, and an amended to that effect is **DENIED**.

*IdM's directors and officers*

Article 4.07 of the General Corporations Law provides that the officers and directors of any corporation shall be jointly liable for any loss or damage if they knowingly publish or furnish a "false written statement or report with respect to any important matter regarding the condition or business of the corporation..."  As IdM correctly points out, Article 4.07 seeks to protect parties who suffer losses a result of their reliance on false information issued by a corporation. Clearly, Plaintiffs did not suffer a loss as a result of a reliance on SIF and IdM's contract's provisions, nor subsequent declarations regarding IdM's alleged lack of medical malpractice insurance. Therefore, Plaintiffs allegations against IdM's directors and officers on this front also fail, and their request to add said claims is **DENIED**.

**Conclusion**

Based on the foregoing, Plaintiffs' request for leave to amend the complaint is **GRANTED in part and DENIED in part**. Plaintiffs shall submit the second amended complaint by **4/7/2010**. Defendants may file **amended motions to dismiss** by **4/21/2010**, and Plaintiffs shall file a **response/opposition** by **5/3/2010**.

**CIVIL NO. 07-1717 (SEC)**                                                                 **Page 6**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2010.

*S/SALVADOR E. CASELLAS*
SALVADOR E. CASELLAS
United States District Judge

**CIVIL NO. 07-1717 (SEC)**                                                                 **Page 6**